IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICHARD CHRISTOPHER BURDICK, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 3:05-CV-1446-M |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

**B. PARTIES**

Petitioner Richard Christopher Burdick, TDCJ-ID #1148813, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Dilley, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C. FACTUAL AND PROCEDURAL HISTORY**

In June 2002, Burdick was charged by indictment with aggravated robbery with a deadly weapon in cause no. 21,171 in the 196th Judicial District Court of Hunt County, Texas. (State

Habeas R. at 50.) The indictment also included two sentencing enhancement paragraphs alleging two prior felony convictions. (*Id.*) On December 13, 2002, a jury found Burdick guilty of the charged offense, Burdick pled true to the enhancement paragraphs, and the jury assessed his punishment at twenty years' confinement. (*Id.* at 55.) Burdick appealed his conviction, but the Court of Appeals for the Sixth Appellate District of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused Burdick's petition for discretionary review. *Burdick v. Texas*, No. 06-03-033-CR, slip op. (Tex. App. – Texarkana Nov. 5, 2003) (not designated for publication); *Burdick v. Texas*, PDR No. 1938-03. Burdick did not seek writ of certiorari. (Petition at 3.) Burdick also filed a state application for writ of habeas corpus challenging his conviction, which was denied by the Texas Court of Criminal Appeals without written order. *Ex parte Burdick*, Application No. 61,677-01, at cover. Burdick filed this federal petition for writ of habeas corpus on June 17, 2005. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

The evidence at trial established that Charity Wilfred, who had spent the night at complainant Jason Campbell's house, was awakened in bed on the morning of March 5, 2002, at gunpoint. (Reporter's R., vol. 2, at 8.) Burdick, whom Wilfred recognized, and at least one other person gathered guns, rifles, a bow, and other items, wrapped them in a bedspread, and left the house. (*Id.* at 10-15, 44.) Wilfred notified Campbell, who was at work, of the robbery, and he notified the police. (*Id.* at 15-16.) Wilfred informed Campbell that she recognized the gunman as the person she had given a pit bull puppy to and described his tattoos. (*Id.* at 12, 17, 28, 49-50, 56.) Campbell suspected it was Burdick, a friend of a couple he had allowed to live with him a short time and who visited the couple at his house. (*Id.* at 17, 28, 50, 70, 77, 87, 101.) Wilfred later picked Burdick out of a photographic lineup as the gunman and identified Burdick in court as the person who robbed Campbell. (*Id.* at 16-19, 63-64.) Burdick denied committing the offense. (*Id.* at 93, 102.)

**D. ISSUES**

In three grounds, Burdick raises the following claims:

(1) He received ineffective assistance of trial counsel;

(2) The trial court abused its discretion by denying his counsel's motion to withdraw; and

(3) The evidence was factually insufficient to support his conviction.

(Petition at 7.)

**E. RULE 5 STATEMENT**

Quarterman believes that Burdick has sufficiently exhausted his claims as required by 28 U.S.C. § 2254(b)(1). (Resp't Answer at 3.)

**F. DISCUSSION**

*1. Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it

3

correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, as here, it is an adjudication on the merits, which is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court assumes that the state court applied the proper "clearly established federal law" and then determines whether its decision was "contrary to" or "an objectively unreasonable application" of that law. *Schartzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003); *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002).

*2. Ineffective Assistance of Counsel*

Burdick claims he received ineffective assistance of trial counsel because counsel failed to investigate, interview, and/or subpoena witnesses, including an alibi witness, Courtney Pope, who

4

was available and willing to testify. (Petition at 7; Pet'r Memorandum at 7-12.)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 688 (1984). An ineffective assistance claim is governed by the standards set forth in *Strickland.* 466 U.S. at 688. To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* Under this standard, the state court's application of *Strickland* must be shown to be not only erroneous, but objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003). A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

Burdick asserted his ineffective assistance claim in his state habeas application; the Texas Court of Criminal Appeals denied the application without a hearing, express findings of fact, or written order. (State Habeas R. at cover.) As previously noted, this typically constitutes an adjudication on the merits by the Texas Court of Criminal Appeals and is entitled to the presumption of correctness. *See Singleton*, 178 F.3d at 384. Thus, assuming the state court applied the *Strickland* attorney-performance standard to Burdick's ineffective assistance claim and made factual findings consistent with their denial of the claim, a federal court should defer to the state court's determination unless it appears the decision was: (1) contrary to or involved an unreasonable application of *Strickland*, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the state court proceedings. *Bell v. Cone*, 535 U.S. 685, 698-99

5

(2002); *Pondexter v. Dretke*, 346 F.3d 142, 145 (5th Cir. 2003); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002).

Applying these principles and having independently reviewed Burdick's ineffective assistance claim in conjunction with the state court records, it does not appear that the state court applied *Strickland* in an objectively unreasonable manner, or that the state court's decision was based on an unreasonable determination of the facts in the light of the evidence presented in the state court proceedings. *See Bell*, 535 U.S. at 698. Counsel has a duty to conduct a reasonable amount of pretrial investigation, which includes seeking out and interviewing potential witnesses. *See Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986). To succeed on a claim, however, the petitioner must show that had counsel investigated the claim, he would have found witnesses to support the defense, that such witnesses were available, and had counsel located and called these witnesses, their testimony would have been favorable and they would have been willing to testify on his behalf. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). Complaints of uncalled witnesses are not favored because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified to are largely speculative. *See Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002). Where the only evidence of a missing witness's testimony is from the defendant, the court views claims of ineffective assistance with great caution. *See Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001). Unless a petitioner provides the court with affidavits, or similar matter, from the alleged favorable witnesses suggesting what they would have testified to, claims of ineffective assistance of counsel fail for lack of prejudice. *Id.*

In Burdick's motion for new trial, he claimed counsel rendered ineffective assistance "by failing to fully investigate the case when his investigator failed to talk to material witnesses." (Clerk's R. at 47.) At the motion for new trial hearing, Burdick identified those witnesses as friends

of Wilfred, Wilfred, Campbell, Officer Wyatt and potential character witnesses. (Motion for New Trial R. at 18-19.) Burdick, however, provides no names of witnesses who would have testified to his character, and he admitted at the new trial hearing that he could not provide counsel or the investigator with names of any of Wilfred's friends. (*Id.*) On the other hand, counsel averred in his affidavit that all material witnesses identified by Burdick were contacted, and the record indicates counsel did attempt to interview Wilfred and Campbell to no avail. (*Id.*; Clerk's R. at 51.) Counsel also explained that his decision not to call Officer Wyatt, who had been subpoenaed by the state, was a tactical decision, and that all favorable information which could be obtained from the officer was available in his offense report that was heard by the jury. (Clerk's R. at 52.) Strategic decisions made by counsel after a thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *See Strickland*, 466 U.S. 690-91; *Foster v. Johnson*, 293 F.3d 766, 778-79 (5th Cir. 2002); *Lamb v. Johnson*, 179 F.3d 352, 358 (5th Cir. 1999).

Burdick's claim that counsel failed to investigate and call Courtney Pope, an alibi witness, was raised for the first time in his state habeas application and conflicts with his testimony at the motion for new trial hearing. (State Habeas R. at 46.) Pope signed a notarized statement that she and Burdick were sleeping in their apartment in Irving, Texas, on the morning of the robbery; Burdick testified at the motion for new trial hearing that he was with John Gunner, a friend, in Grand Prairie. (*Id.*; Motion for New Trial R. at 10.) In support of his claim that counsel knew about his alibi witness before trial, Burdick attaches what he purports are counsel's November 21, 2002 notes regarding Pope, but the notes merely state that Pope knows where Burdick lives. (Pet'r Memorandum at 25.) He also attaches what he claims was a letter he sent to counsel stating that he was with his girlfriend, Pope, at the time of the robbery. (*Id.* at 23.) The letter is undated, however, and the statements regarding Pope appear to be in a different ink from the remainder of the letter. (*Id.*)

7

It appears that together, counsel and the court-appointed investigator conducted a reasonable investigation. Burdick's unsupported allegations of counsel's failure to talk to material witnesses are insufficient to demonstrate that counsel's conduct fell below an objective standard of reasonableness or that he was prejudiced by counsel's acts or omissions. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). Given the inconsistency between Pope's statement and Burdick's sworn testimony, the state court's decision was not based on an unreasonable determination of the facts in the light of the evidence presented in the state court proceedings. Under these circumstances, the state court's implicit determination that counsel was not constitutionally ineffective in not investigating and interviewing witnesses is neither an unreasonable determination of the facts or contrary to the law.

### 3. Abuse of Discretion

Burdick claims the trial court abused its discretion by denying his court-appointed counsel's motion to withdraw, thereby depriving him of effective assistance of counsel. (Petition at 7; Pet'r Memorandum at 13-15.).

It is well settled that the granting of a motion to discharge defense counsel is within the sound discretion of the trial judge. A Sixth Amendment violation occurs only if a court refuses to inquire into a seemingly substantial complaint about defense counsel; otherwise, the trial judge has broad discretion to decide whether to grant a request for the substitution of counsel, since the right to counsel cannot be manipulated to interfere with the orderly procedures of the court or the fair administration of justice. *See Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993). Moreover, while a criminal defendant has an absolute right to be represented by retained counsel of his choosing, and must be informed of such right by the court, if the defendant is indigent and unable to retain private counsel, a lawyer will be appointed by the court. *See United States v. Bissell*, 866 F.2d 1343, 1351

(11th Cir. 1989). An indigent defendant has no constitutional right to counsel of the his choice. *See United States v. Fields*, 483 F.3d 313, 350 (5th Cir. 2007), *cert. filed*, No. 07-6395 (Sept. 4, 2007); *United States v. Breeland*, 53 F.3d 100, 106 n.11 (5th Cir. 1995); *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993). Unless there is a demonstrated conflict of interests or counsel and defendant are embroiled in an irreconcilable conflict that is so great that it resulted in a total lack of communication preventing an adequate defense, there is no abuse of discretion in denying a motion to withdraw. *United States v. Wild*, 92 F.3d 304, 307 (5th Cir. 1996).

Burdick has not demonstrated an actual conflict between himself and his court-appointed counsel or that he and his counsel suffered an absolute communications breakdown. Rather, at the hearing on counsel's motion to withdraw, Burdick merely complained that they did not see eye-to-eye, that counsel told him some of his questions did not make any sense, and that he felt counsel was not looking out for his best interest. (Pet'r Memorandum, Exhibit H.) Although it appears there was some tension between the two, Burdick has not shown that counsel's representation lapsed in any particular way or that they were unable to work together in defending him at trial.

*4. Factual Sufficiency of the Evidence*

Burdick claims the evidence was factually insufficient to sustain his conviction, because in the absence of any physical evidence linking him to the crime, the only evidence against him was the inconsistent eyewitness testimony of Wilfred. (Pet'r Memorandum at 16-20.) A factual-sufficiency-of-the-evidence claim is not cognizable on federal habeas review. *See Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002); *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993). In challenges to state convictions under 28 U.S.C. § 2254, only the legal sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979), need be satisfied. Thus, Burdick's factual sufficiency of the evidence claim does not raise a claim that is cognizable on federal habeas

9

corpus review.

## II. RECOMMENDATION

Burdick's petition for writ of habeas corpus should be denied.

SIGNED on this 31st day of October, 2007.

 IRMA CARRILLO RAMIREZ
 UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

 The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

 IRMA CARRILLO RAMIREZ
 UNITED STATES MAGISTRATE JUDGE